EXHIBIT "B-2"

COPY

NO. 12C1438-005

FILED FOR RECORD

GARY G. GILDON and
FRANCIS DEE GILDON
Plaintiffs,

v.

HOME DEPO U.S.A., INC.
Defendant.

§
§
§
§
§
§
§
§

IN THE DISTRICT COURT -5  AM 9: 21

BILLY FOX
DISTRICT CLERK BOWIE CO TX

_____ JUDICIAL DISTRICT _____DEPUTY

OF BOWIE COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Gary G. Gildon and Francis Dee Gildon ("Dee") hereinafter called Plaintiffs, complaining of and about Home Depot U.S.A., Inc. ("Home Depot") hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.   Plaintiffs, Gary Gildon and Dee Gildon, are Individuals whose address is 3B Dogwood Lake Drive, Texarkana, Texas 75503.

3.   The last three numbers of Gary Gildon's social security number are 167.

4.   Defendant Home Depot U.S.A., Inc., is a foreign corporation doing business in Texas, and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### JURISDICTION AND VENUE

5.   The subject matter in controversy is within the jurisdictional limits of this court.

6.   This court has jurisdiction over Home Depot because said Defendant purposefully

availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Home Depo will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.   Furthermore, Plaintiffs would show Home Depot engaged in activities constituting business in the state of Texas as provided by § 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in the Texas and committed a tort in whole or in part in Texas.

## FACTS

8.   At all times material hereto, Defendant Home Depot was the owner of the premises located at 4110 Saint Michael Dr, Texarkana, TX.

9.   Gary Gildon entered said premises for the purpose of purchasing home goods.  He entered the property of Defendant at the invitation of Defendant to engage in the act of shopping.

10.   Gary Gildon was seriously injured during the time he was upon Defendant's property, as a result of a concrete paver negligently placed and left on the floor creating a dangerous condition wherein Gary Gildon tripped and fell causing injury to his back and body as a whole.

11.   Gary Gildon's bodily injuries occurred as a direct result of the fall that was proximately caused by the negligent, dangerous and unsafe condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT HOME DEPOT

12.   At all times mentioned herein, Home Depot owned the property in question, located at 4110 Saint Michael Dr, Texarkana, TX.

2

13.    At all times mentioned herein, Defendant Home Depot had such control over the premises in question that Defendant Home Depot owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

14.    Defendant Home Depot, Defendant's agents, servants, and employees negligently permitted the floor to become hazardous to patrons, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant Home Depot or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

15.    Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant Home Depot or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

16.    At all times pertinent herein, Defendant Home Depot, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B.    Failing to maintain the floor in a reasonably safe condition;

C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D.    Failing to give warnings to Plaintiff of the unsafe condition;

E.    Failing to remove the hazardous brick causing the slip and fall; and

F.    Failing to discover and remove the hazardous brick within a reasonable time.

3

## PROXIMATE CAUSE

17.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## LOSS OF CONSORTIUM

18.    Plaintiff Dee Gildon would show that the above acts of negligence and the injuries that followed caused her to lose the consortium, conjugal fellowship, and household services of her husband.

## EXEMPLARY DAMAGES

19.    Defendant Home Depot's acts or omissions described above, when viewed from the standpoint of Defendant Home Depot at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Home Depot had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20.    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Home Depot.

## DAMAGES FOR GARY GILDON

21.    As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Gary Gildon was caused to suffer anxiety, pain, and illness resulting in damages more fully set forth below.

22.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Gary Gildon has incurred the following damages:

4

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Gary Gildon for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bowie County, Texas;

B.  Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Mental anguish in the past;

E.  Physical pain and suffering in the future;

F.  Mental anguish in the future;

G.  Physical impairment which, in all reasonable probability, will be suffered in the future;

H.  Fear of future disease or condition; and

I.  Cost of medical monitoring and prevention in the future.

### DAMAGES FOR DEE GILDON

A.  Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

B.  Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

C.  Loss of Household Services in the past; and

D.  Loss of Household Services in the future.

23.  By reason of the above, Plaintiffs, Gary Gildon and Dee Gildon have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

5

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Gary Gildon and Dee Gildon, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By: _____
Nicholas H. Patton
AR Bar No. 63035
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
4605 Texas Boulevard
Texarkana, Texas 75505-5398
903-792-7080
903-791-6258 - Fax

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

6