**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **GARY G. GILDON and** | § | |
| **FRANCIS DEE GILDON** | § | |
| **Plaintiffs,** | § | |
| | § | **No. 5:13cv21 (MHS-CMC)** |
| **v.** | § | |
| | § | **Jury Demanded** |
| **HOME DEPOT U.S.A, INC.** | § | |
| **Defendant.** | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Come now Gary G. Gildon and Francis Dee Gildon, "Plaintiffs", and file this First Amended Complaint against Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant").

## THE PARTIES

1.      Plaintiffs, Gary Gildon and Dee Gildon, are individuals residing at 3B Dogwood Lake Drive, Texarkana, Texas 75503 at all relevant times to the cause of action in this pleading.

2.      Home Depot is incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Defendant may be served with process by serving its attorney of record, Arthur K. Smith, Law Offices of Arthur K. Smith, 507 Prestige Circle, Allen, Texas 75502-3438 or it's registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3.      This lawsuit is for damages in excess of $75,000. The parties are citizens of different states. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(1).

4.      Defendant is subject to general jurisdiction in the State of Texas. Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and

established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Home Depot will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. The cause of action made the basis of this lawsuit arises out of business done in the State of Texas by this Defendant.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events and omissions giving rise to the controversy occurred in the Eastern District of Texas and pursuant to 1441(a) because this action was removed from the 5th Judicial District of Bowie County, Texas.

## FACTS

6.      On or about May 21, 2012, at 4110 Saint Michael Drive, Texarkana, Bowie County, Texas, Gary Gildon entered The Home Depot for the purpose of purchasing home goods. He entered the property of Defendant at the invitation of Defendant to engage in the act of shopping.

7.      At all times material hereto, Defendant Home Depot was the owner of the premises located at 4110 Saint Michael Drive, Texarkana, Texas.

8.      Gary Gildon was seriously injured during the time he was upon Defendant's property, as a result of a concrete paver negligently placed and left on the floor creating a dangerous condition wherein Gary Gildon tripped and fell causing injury to his back and body as a whole.

9.      Gary Gildon's bodily injuries occurred as a direct result of the fall that was proximately caused by the negligent, dangerous, and unsafe condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

10.     In December of 2012 Plaintiff Gary Gildon suffered a heart attack and stroke.

11.     In January 2013 Plaintiff Gary Gildon suffered an additional stroke while teaching class and as a result had to retire from teaching.

12.     On information and belief the heart attack and strokes stemmed from inactivity due to pain and suffering in his lower back caused from the fall at the Home Depot on May 21, 2012.

## NEGLIGENCE

13.     At all times mentioned herein, Home Depot owned the property in question, located at 4110 Saint Michael Drive, Texarkana, Texas.

14.     At all times mentioned herein, Defendant Home Depot had such control over the premises in question that Defendant Home Depot owed certain duties to Gary Gildon, the breach of which proximately caused the injuries set forth herein.

15.     Gary Gildon entered Defendant's premises with Defendant's knowledge and for their mutual benefit.

16.     A condition on Defendant's premises posed an unreasonable risk of harm.  This condition was a concrete paver placed in the walkway used by patrons.

17.     Defendant Home Depot, Defendant's agents, servants, and employees negligently permitted the floor to become hazardous to patrons, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Gary Gildon of the condition of the floor. This condition existed despite the fact that Defendant Home Depot or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was the likelihood of a person being injured as occurred to Gary Gildon.

18.     Furthermore, the condition of the floor had continued for such period that had Defendant Home Depot or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

19.     At all times pertinent herein, Defendant Home Depot, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward Gary Gildon in:

    a.     Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    b.     Failing to maintain the floor in a reasonably safe condition;

3

c.     Failing to give adequate and understandable warnings to Gary Gildon of the unsafe condition of the flooring area;

d.     Failing to give warnings to Gary Gildon of the unsafe condition;

e.     Failing to remove the hazardous concrete paver causing Gary Gildon's fall; and

f.     Failing to discover and remove the hazardous concrete paver within a reasonable time.

20.     Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Gary Gildon. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by placing the paver in a dangerous location, neglecting to move the paver out of the walkway, and neglecting to warn of the paver.

21.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## LOSS OF CONSORTIUM

22.     Plaintiff Dee Gildon would show that the above acts of negligence and the injuries that followed caused her to lose the consortium, conjugal fellowship, and household services of her husband.

## DAMAGES FOR GARY GILDON

23.     As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Gary Gildon has incurred or will incur the following damages:

a.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Gary Gildon for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bowie County, Texas;

b.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c.     Physical pain and suffering in the past and future;

d.      Mental anguish in the past and future;

e.      Physical impairment in the past and future;

f.      Past and future lost wages; and

g.      Fear of future disease or condition.

## DAMAGES FOR DEE GILDON

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Dee Gildon has incurred and/or will incur the following damages:

a.      Loss of consortium in the past and future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations; and

b.      Loss of household services in the past.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Gary Gildon and Dee Gildon, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for actual damages; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

*/s/ Nicholas H. Patton*
Nicholas H. Patton
TX Bar No. 15631000
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
4605 Texas Boulevard
Texarkana, Texas 75505-5398
Phone:   903-792-7080
Fax:      903-791-6258

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 11th day of April, 2013.


*/s/ Nicholas H. Patton*
Nicholas H. Patton